UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DOLORES MARIN AND THE<br>CARRIGAN LAW FIRM, L.L.P., | §<br>§<br>§ | |
| Plaintiffs, | § | |
| v. | §<br>§ | CIVIL ACTION V-07-62 |
| ANDREW N. GILBERG AND<br>TEKNACON, INC., | §<br>§<br>§ | |
| Defendants. | § | |

**ORDER**

Pending before the Court is Defendants' Andrew N. Gilberg and Teknacon, Inc.'s Opposed Motion to Disqualify (Dkt. #9). Having considered the motion, response, record, and the relevant law, the Court is of the opinion that the motion should be granted in part and denied in part.

**Background**

According to Plaintiffs' Complaint (Dkt. #1), Dolores Marin ("Marin") was involved in a serious motor vehicle accident while riding in a Ford F-150 pickup truck. Because of the accident, the doors of the truck opened and Marin was ejected from the vehicle.

Marin subsequently hired Stephen Carrigan ("Mr. Carrigan") and The Carrigan Law Firm, L.L.P. (the "Carrigan Firm") to undertake her legal representation. According to the complaint, Mr. Carrigan did "a complete and thorough investigation of the facts and circumstances surrounding the possibility of a defective latch and whether this defective latch caused the doors of the pickup to open, causing Marin to be ejected from the vehicle." As part of the investigation, Mr. Carrigan hired Defendant Andrew N. Gilberg ("Gilberg"), individually and on behalf of Teknacon, Inc. ("Teknacon"), as an expert to investigate the claims. Gilberg had allegedly investigated defective

door latches on Ford F-150 trucks in the past. According to the Carrigan Firm, Gilberg was "considered by the general public as an expert with respect to this defective door latch on the Ford F-150 pickup." Once he was hired, Gilberg traveled to Corpus Christi, Texas and performed what he represented to be a complete and thorough inspection of the vehicle involved in the accident. According to the complaint, Gilberg then informed Carrigan and Marin that the door latch on the vehicle involved in the accident was defective and failed during the accident. Mr. Carrigan paid Gilberg and Teknacon a fee for their services.

Mr. Carrigan later retained Gilberg on behalf of Marin because of the results of Gilberg's inspection of the Ford F-150. According to the Carrigan Firm, Gilberg continued to maintain that the latch in question was defective and that it caused injuries to Marin.

The Complaint further alleges that Mr. Carrigan filed suit on behalf of Marin relying solely on Gilberg's professional and expert opinion. The lawsuit was filed in Cause No. SA-04-CA-0974-FB, styled *Dolores Marin vs. Ford Motor Company*, in the United States District Court for the Western District of Texas. Mr. Carrigan pursued discovery, depositions and additional expert testimony that resulted in "considerable amounts" of effort, work, expense and litigation.

According to the Carrigan Firm, "[o]nly *after* the parties were at mediation in an attempt to settle the case, was Carrigan informed that Gilberg's opinion was not only *wrong* but Gilberg *knew* his opinion was wrong and never once provided this information to Carrigan. In fact, the door latch on the vehicle in question was *not* defective and was *not* the door latch that Ford had recalled and which had been acknowledged as defective." (Dkt. #1 at 4)(emphasis in original). Gilberg allegedly continued to insist that the door latch on the vehicle was defective even after Mr. Carrigan knew that it was not and confronted Gilberg with this information. According to the complaint, "[o]nly after

2

Carrigan took photos and another person inspected the vehicle did Gilberg finally acknowledge his serious and grave mistake that essentially killed Marin's case. The parties were forced to settle for a mere pittance and Carrigan suffered exorbitant losses because of the investment which Carrigan made in the case based on Gilberg's professional and expert opinion as to the defective nature of the door latch." (Dkt. #1 at 4).

On July 13, 2007, the Carrigan Firm filed its original complaint against Gilberg and Teknacon alleging causes of action under theories of negligence, professional negligence, and respondeat superior.

On October 15, 2007, Defendants filed their opposed motion to disqualify. At the time that their motion was filed, Marin and the Carrigan Firm were both plaintiffs.

On October 24, 2007, Marin was dismissed from this suit via a stipulation of dismissal. Presently the Carrigan Firm is the only remaining plaintiff.

## Standard

Motions to disqualify attorneys are substantive motions determined by standards developed under federal law. *See In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir. 1992). Such motions are governed by the ethical rules announced by the state and national professions in light of the public interest and rights of the litigants. *See id.*; *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992). The American Bar Association ("ABA") Model Rules of Professional Conduct ("Model Rules"), the ABA Model Code of Professional Conduct ("Model Code"), and the Texas Rules of Professional Conduct ("Texas Rules") are all relevant to a Court's resolution of a motion to disqualify. *See American Airlines*, 972 F.2d at 610. However, because the ABA adopted the Model Rules in 1983 to replace the Model Code, that code "arguably no longer represents the ethical

rules of the national profession." *Ayus v. Total Renal Care, Inc.*, 48 F.Supp.2d 714, 717 (S.D. Tex. 1999)(citing *Federal Deposit Ins. Corp. v. United States Fire Ins. Co.*, 50 F.3d 1304 (5th Cir. 1995)).  The party seeking to disqualify an attorney bears the burden of proving that disqualification is warranted.  *See Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1028 (5th Cir. 1981).

## Discussion

**I.     Should Mr. Carrigan be Disqualified From Representing The Carrigan Firm at Trial?**

Defendants maintain that Mr. Carrigan should be disqualified from representing the Carrigan Firm at trial because (1) Mr. Carrigan is a necessary fact witness; and (2) Carrigan's testimony may harm the interests of the client that he now represents.  Defendants specifically direct the Court to ABA Model Rule 3.7 and Texas Rule of Disciplinary Conduct 3.08(a).  The Carrigan Firm maintains that Mr. Carrigan should not be disqualified because it is the only remaining plaintiff and should be allowed to represent itself pro se at trial.  The Carrigan Firm cites Texas Rule of Disciplinary Conduct 3.08(b)(4) for the proposition that a lawyer that is a party to a case and is appearing pro se may act as an advocate and as a witness.

The disciplinary rules cited by Defendants consistently indicate that lawyers that are necessary witnesses generally should not act as advocates at trial.  ABA Model Rule 3.7 provides, in part, as follows: "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness . . ."  Texas Rule of Disciplinary Conduct 3.08(a) provides, in part, as follows: "[a] lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client . . ."

These rules seek to prevent prejudice or confusion that may arise when a lawyer acts as an advocate and as a witness. Texas Rule of Disciplinary Conduct 3.08 cmt. 4. When a lawyer assumes these dual roles, it may not be clear whether a statement should be taken as proof or as an analysis of proof. *Id.*

In accordance with the disciplinary rules cited above, the Court finds that Mr. Carrigan should be disqualified from representing the Carrigan Firm at trial. It is undisputed that Mr. Carrigan is a necessary fact witness that will provide extensive testimony at trial. It is also undisputed that the only remaining plaintiff is the Carrigan Firm. It would be improper to allow Mr. Carrigan to act as an advocate and to provide lengthy trial testimony for the reasons that underlie the disciplinary rules. Furthermore, the Carrigan Firm's argument that it should be allowed to represent itself pro se is without merit. It is clear that the Carrigan Firm, rather than Mr. Carrigan, is the sole remaining plaintiff. Limited liability partnerships, like the Carrigan Firm, cannot appear pro se and must be represented by counsel. *Southwest Express Co., Inc.*, *v. Interstate Commerce Commission*, 670 F.2d 53, 55 (5th Cir. 1982). Accordingly, Mr. Carrigan is not excepted from the lawyer-witness disciplinary rules under these circumstances.

## II.   Should the Remaining Carrigan Firm Lawyers be Disqualified?

Defendants argue that in addition to Mr. Carrigan, all Carrigan Firm lawyers should be disqualified from representing the Carrigan Firm at trial. Defendants cite *Jones v. City of Chicago*, 610 F.Supp. 350 (N.D. Ill. 1984) for proposition that disqualification is justified because: (1) Mr. Carrigan's partners and associates would have to argue his credibility to the jury and this may be discounted by the trier of fact; and (2) the jury could discount Mr. Carrigan's testimony because he will share in any fees which his partners may earn on this case.

The pertinent disciplinary rules provide guidance on whether or not lawyers of the Carrigan Firm other than Mr. Carrigan should be disqualified. ABA Rule 3.7(b) provides as follows: "A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." ABA Rule 1.7 governs conflicts of interest while ABA Rule 1.9 governs duties to former clients. Texas Rule of Disciplinary Conduct 3.08(c) provides as follows: "Without the client's informed consent, a lawyer may not act as advocate in an adjudicatory proceeding in which another lawyer in the lawyer's firm is prohibited by paragraphs (a) or (b) from serving as advocate. If the lawyer to be called as a witness could not also serve as an advocate under this Rule, that lawyer shall not take an active role before the tribunal in the presentation of the matter." If a client's consent is obtained, "another lawyer in the testifying lawyer's firm may act as an advocate." Texas Rule of Disciplinary Conduct 3.08 cmt. 8.

The Court disagrees with Defendants and finds that Carrigan Firm lawyers other than Mr. Carrigan may continue their representation of Plaintiff through trial. In the present case, the interests of the Carrigan Firm and its lawyers appear to be in unity and the Carrigan Firm has indicated that it fully consents to representation by its attorneys. Moreover, determination of whether a conflict of interest exists is primarily an issue to be resolved between lawyer and client. *Federal Deposit Insurance Corporation v. United States Fire Ins. Co.*, 50 F.3d 1304, 1314-15 (5th Cir. 1995)(hereinafter "FDIC"). Lastly, Defendants' reliance on *Jones* is misplaced because it is inconsistent with the disciplinary rules as well as other reported cases within this circuit. *See FDIC*, 50 F.3d at 1312-17; *Ayus v. Total Renal Care, Inc.*, 48 F.Supp.2d 714, 717-19 (S.D. Tex. 1999).

**Conclusion**

Defendants' Andrew N. Gilberg and Teknacon, Inc.'s Opposed Motion to Disqualify (Dkt. #9) is hereby granted in part and denied in part.

It is so ORDERED.

SIGNED this 10th day of July, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE