IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DOLORES MARIN and | § | |
| THE CARRIGAN LAW FIRM, L.L.P., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION V-07-62 |
| | § | |
| ANDREW N. GILBERG and | § | |
| TEKNACON, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Compel. Dkt. No. 29. Defendants have responded. Dkt. No. 30. Having considered the motion, the response, the record, and the relevant law, the Court finds that the motion to compel should be DENIED.

**Background**

This case arises from an auto accident that occurred a number of years ago. Dolores Marin ("Marin"), since dismissed by stipulation from this case (Dkt. No. 10), was injured in the accident and brought suit against the auto manufacturer. Dkt. No. 1 at 2. She was represented in that case by Plaintiff Carrigan Law Firm ("Carrigan"). *Id.*

Carrigan alleges that it hired Defendant Andrew N. Gilberg ("Gilberg"), an employee of Defendant Teknacon, Inc. ("Teknacon"), to investigate Marin's vehicle, and that Gilberg represented to Carrigan that the vehicle had a defective door latch that resulted in Marin's injuries. *Id.* at 3. Carrigan claims that it filed suit on behalf of Marin in reliance on Gilberg's representation, but that it later became clear that the door latch was not defective. *Id.* Thus, Carrigan and Marin were forced to settle the case for very little money. *Id.* at 4.

Carrigan claims that had Gilberg not erred in claiming that the vehicle had a defect, large sums expended in pursuing the case would not have been lost. Thus, Carrigan has sued Gilberg in this action for negligence and professional negligence and seeks damages from Teknacon via respondeat superior.

Carrigan now asks the Court to compel Defendants to produce the following three categories of documents:

1. All invoices to or from any matter that the law firm of Wigington & Rumley is involved with for the past five (5) years.

2. All travel expenses, invoices, calendars, travel vouchers and the like showing travel by Defendant or any staff member of Defendant's company to Texas for the past five (5) years.

3. All travel expenses, invoices, calendars, travel vouchers and the like showing vehicle inspections by Defendant in the State of Texas for the past five (5) years.

## Legal Standard

As the Fifth Circuit has repeatedly instructed, "'a district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B. V.*, 213 F.3d 841, 855 (5th Cir. 2000)). The party posing discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* FED. R. CIV. P. 37; *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) ("[Rule] 37(a) empowers the court to compel the production of documents . . . upon motion by the party seeking discovery."). Materials and information are discoverable if they are "relevant to any party's claim or defense" or if they "appear[] reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

2

The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Knight*, 241 F.R.D. at 263 (citing *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 57 (E.D. Pa. 1979)). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted. *See Corrigan v. Methodist Hosp.*, 158 F.R.D. 54, 56 (E.D. Pa. 1994); *Amcast Indus. Corp. v. Detrex Corp.*, 138 F.R.D. 115, 118 (N.D. Ind. 1991); *see also* FED. R. CIV. P. 26(b)(2).

## Analysis

Carrigan has not met its burden of showing the Court that its Motion to Compel should be granted. As to relevancy, Carrigan merely states that the "requests for production served are relevant to the subject matter in this pending cause and are reasonably calculated to lead to discovery of admissible evidence." Dkt. No. 29 ¶ 3. Such conclusory language does not convince the Court that Carrigan has any right to the documents it has requested. Those documents have no obvious relevance to the case at hand, and Carrigan has neither explained their relevance nor shown how they might result in obtaining other relevant and admissible information.

## Conclusion

For the foregoing reasons, Plaintiff's motion to compel is DENIED.

It is so ORDERED.

Signed this 19th day of February, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE