IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DOLORES MARIN and § | | |
| THE CARRIGAN LAW FIRM, L.L.P., § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION V-07-62 | |
| § | | |
| ANDREW N. GILBERG and § | | |
| TEKNACON, INC., § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Andrew N. Gilberg ("Gilberg") and Teknacon, Inc.'s ("Teknacon") Motion for Summary Judgment. Dkt. No. 24. Having considered the motion, the record, and the relevant law, the Court finds that the motion should be GRANTED.

**Background**

This case arises from an auto accident. Dolores Marin ("Marin"), since dismissed by stipulation from this case (Dkt. No. 10), was injured in the accident and brought suit against the auto manufacturer. Dkt. No. 1 at 2. She was represented in that case by Plaintiff Carrigan Law Firm ("Carrigan"). *Id.*

Carrigan alleges that it hired Gilberg, an employee of Teknacon, to investigate the vehicle, and that Gilberg represented to Carrigan that the vehicle had a defective door latch that resulted in Marin's injuries. *Id.* at 3. Carrigan claims that it filed suit on behalf of Marin in reliance on Gilberg's representation, but that it later became clear that the door latch was not defective. *Id.* Thus, Carrigan and Marin were forced to settle the case for very little money. *Id.* at 4.

1

Carrigan claims that had Gilberg not erred in claiming that the vehicle had a defect, large sums expended in pursuing the case would not have been lost. Thus, Carrigan has sued Gilberg for negligence and professional negligence, and seeks damages from Teknacon via respondeat superior.

**Legal Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). To prevent summary judgment, the non-movant must "respond by setting forth specific facts" that indicate a genuine issue of material fact. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *See Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998); *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). "The court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). However, the non-movant cannot avoid summary judgment by

presenting only "conclusory allegations" or "unsubstantiated assertions," such as the bare allegations of a complaint, but must present sufficient evidence, such as sworn testimony in a deposition or affidavit, to create a genuine issue of material fact as to the claim asserted. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

## Analysis

The motion for summary judgment was filed on November 5, 2008. The essence of Defendants' motion is that Carrigan has not presented any evidence to support certain essential elements of his claims and therefore no genuine issues of material fact remain for a jury to resolve. Carrigan twice asked for additional time to file its response. As a result of the second extension, Carrigan was given until February 13, 2009 to respond to the motion. As of this date, Carrigan has filed neither a response nor a motion seeking a further extension. Thus, Defendants' motion for summary judgment will be treated as unopposed. S.D. TEX. R. 7.4. However, simply because a motion is unopposed does not mean that it can be automatically granted; there must still be a legal basis for granting the motion.

Carrigan's complaint pleads two causes of action: negligence and professional negligence. As to the former, under Texas law, "[n]egligence consists of three essential elements: 1) a legal duty owed by one person to another, 2) a breach of that duty, and 3) damages proximately resulting from the breach." *Critchfield v. Smith*, 151 S.W.3d 225, 230 (Tex. App. 2004). Professional negligence requires the same showing, but the duty and breach are defined by the standards of the community of professionals to which the defendant belongs. Defendants base their summary judgment motion on the failure of the record to support the second and third elements. However, since the Court finds that the third element is not supported by the record, there is no need to address the issue of breach.

### A. Damages

Defendants argue that the lack of evidence in the record about the damages allegedly sustained by Carrigan supports a grant of summary judgment. In order to defeat summary judgment, there must be proof in the record that Carrigan was actually injured as a result of the alleged misrepresentation. *See Global Integrated Bldg. Sys. v. Target Logistics*, Civ. No. H-06-2637, 2009 WL 259360 at *7 (S.D. Tex. Feb. 3, 2009) (granting summary judgment to the defendant on a fraud cause of action because, *inter alia*, "there is no summary judgment evidence . . . that [the plaintiff] suffered any injury as a result of the non-disclosure"); *Super Future Equities v. Wells Fargo Bank Minn.*, Civ. No. 06-0271-B, 2007 WL 4410370 at *16 (N.D. Tex. Dec. 14, 2007) (granting summary judgment on RICO and Texas negligence claims for failure to prove the existence of injury). Since Carrigan did not respond to the present motion, the only evidence before the Court that might support his claim is his deposition transcript, which Defendants have attached to their motion. Nowhere in the deposition, however, does Carrigan testify with any level of specificity about expenses that he incurred after Gilberg's alleged misrepresentation. Carrigan spoke about a trip to Atlanta to speak with Gilberg, but the Court has no documentary evidence of this trip, what it cost, and so forth. Carrigan has presented nothing that would permit a reasonable jury to return an award of damages. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, the judge must ask himself . . . whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.") Because Carrigan has not rebutted Defendants' claim that there is no evidence to support Carrigan's claim that he was injured, summary judgment must be granted on both the professional negligence and ordinary negligence claims.

### B. Professional Negligence

Defendants also argue that the lack of evidence regarding the level of care that Gilberg was required to take means that Defendants are entitled to summary judgment on the professional negligence claim. "Proof of . . . professional negligence requires that a professional similarly licensed offer testimony that the conduct was beneath the standard of care in the profession and that this breach of care was the proximate cause of appellants' damages." *Palmer v. Espey Huston & Assocs., Inc.*, 84 S.W.3d 345, 354 (Tex. App. 2002). There is, however, no expert report or testimony in the record that establishes the standard of care. Further, Carrigan's deadline for filing a list of expert witnesses was January 5, 2009. Dkt. No. 22. The only list Carrigan has filed includes three experts who are to testify about "reasonable and necessary attorney's fees." Dkt. No. 17. Without an expert on the issue of duty of care, Carrigan can not meet the requirement that the professional standard of care be established by expert testimony. Thus, Defendants are alternatively entitled to summary judgment on the professional negligence claim on the grounds of lack of evidence about Defendants' duty of care.

### C. Exemplary Damages

Defendants finally argue that they are entitled to summary judgment on the issue of exemplary damages. Carrigan claims in its complaint that it is entitled to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a). Carrigan is entitled to exemplary damages under this code section if it shows by clear and convincing evidence that the injury resulted from fraud, malice, or gross negligence. *Id.* Gross negligence involves, *inter alia*, an objectively extreme degree of risk and a subjective awareness of that risk. TEX. CIV. PRAC. & REM. CODE § 41.001(11). To show malice on the part of Defendants, Carrigan must show a specific intent to cause harm. TEX. CIV.

PRAC. & REM. CODE § 41.001(7). On this point, there is no genuine issue of material fact. Gilberg's affidavit states that he never gave a report to Carrigan, thus necessarily stating that there was no malice, fraud, or gross negligence. None of the evidence in the record rebuts this statement: nothing in the deposition transcript or anywhere else provides any evidence that Gilberg or Teknacon were aware of an *extreme* risk, that they perpetrated a fraud on Carrigan, or that they specifically intended to harm Carrigan. Thus, even aside from the fact that Carrigan has no evidence of damages, and thus cannot maintain any type of negligence action, summary judgment should be granted for Defendants on the issue of fraud, malice, and gross negligence as well.

## Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED.

It is so ORDERED.

Signed this 11th day of March, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE